Joseph Kaukusch, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,924.

1. EVIDENCE—*when exclusion will not reverse.* Exclusion of evidence, though erroneous, will not reverse if such excluded evidence had no direct bearing upon any issues of the cause and did not result in harm to the party offering it.

2. INSTRUCTIONS—*when refusal to give, to effect that plaintiff alighting from moving car cannot recover, erroneous.* If the only negligence charged in the declaration is that the defendant negligently caused the car to be "suddenly started and moved whereby the plaintiff was thrown off," it is error, where there is evidence tending to support it, to refuse an instruction as follows:

"If the jury believe from the evidence that the plaintiff attempted to alight from the car in question while the car was moving, then you should find the defendant not guilty."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 31, 1910.

B. F. RICHOLSON and WATSON J. FERRY, for appellant.

TATGE, ABBOTT & KOEPKE and THOMAS A. LEACH, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injuries in which a jury returned a verdict of $1,150 in favor of the plaintiff. Judgment was entered in accordance with the verdict, from which judgment this appeal is prosecuted.

It is contended the verdict is not justified by the evidence and is against its manifest weight, that the court erred in excluding proper evidence offered in defendant's behalf and in refusing a certain instruction.

There is evidence tending to show that in the afternoon of July 3, 1904, the plaintiff, having with him his daughter between eight and nine years of age, was riding upon the front platform of a north-bound electric car on Halsted street near Twenty-sixth street. Desiring to get off at that street, plaintiff so indicated to the motorman, who it is said stopped the car on the northwest corner of Halsted and Twenty-sixth streets. Plaintiff's testimony is that he stepped down on the lower step of the car and "went to turn around to get hold of my little girl, and he started up the car with a jerk and I fell off; that was the whole thing. The car was stopped when I stepped down." His testimony is to the effect that he was thrown down by the starting of the car, that as he fell he "turned over and over,"

that when the car was past he jumped up and looked for his daughter, that the car was some distance away, that somebody set the little girl off of the car, that he fell on the back of his head and was rolled in the mud. There is evidence tending to corroborate plaintiff's testimony that he was "rolling on the street" while the car went on its way, that the car stopped after going a distance of from 75 to 100 feet, that the little girl was put off the car by some one unknown, and that the car then proceeded on its way. There is evidence tending to show that plaintiff received injuries of a permanent character. The defendant claims to have had no information or knowledge of the accident at the time of its alleged occurrence, and contends that the improbability of such an accident having occurred as plaintiff's evidence tends to show it did is such as to warrant setting aside the verdict and reversing the judgment. But there is evidence which if true fully justifies the finding of the jury upon the questions of fact, and tends to show that such finding is not against the weight of evidence.

We find no error in the action of the court in excluding the testimony of a clerk in defendant's employ as to the name of the motorman said to have appeared on a lost trip sheet of the car bearing the number said to have been that of the car from which plaintiff fell. The witness testified he had made inquiry to ascertain who was the motorman in charge of car 2714 on the day of the accident and had "made search for Joe Nilson; he is in Oakland, California;" that he had formerly made search for the trip sheet of that date of that car, but did not know where it was at the time of the trial and had made no search for it since the former search. It does not appear whether the witness ever found or saw the trip slip nor that he was familiar with its contents. The evidence excluded had no direct bearing upon the issues, and its exclusion so far as appears was in no way harmful to defendant.

Complaint is made of the refusal of an instruction

offered by defendant that "if the jury believe from the evidence that the plaintiff attempted to alight from the car in question while the car was moving, then you should find the defendant not guilty."

The only negligence charged in the declaration is that after having brought the car to a full stop to enable plaintiff to alight, and while he was in the act of alighting and using due care, the defendant then negligently caused the car to be "suddenly started and moved whereby the plaintiff was thrown off" and injured. Plaintiff cannot of course recover for negligence not charged in his declaration. If therefore there is evidence tending to show that the plaintiff did, as the defendant contends, step or fall from the car after it had left its last stopping place and while it was in motion at a point more than a hundred feet north of that stopping place, and was not thrown off by the sudden starting of the car after it had stopped and while he was endeavoring to alight, then the instruction should have been given. Upon a careful consideration of the entire testimony we are of opinion that there is evidence which tends to support this contention, and while it may not be necessarily nor under all circumstances negligence for one to attempt to alight from a moving street car, yet if it should be found that the plaintiff was injured in that way, whether by negligence of the defendant or not, he could not recover under the declaration.

For the error in refusing the instruction referred to, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*